**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Pha S.,

Petitioner,

v.

Markwayne Mullin, et al.,[1]

Respondents.

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR ATTORNEY'S FEES AND COSTS**
Civil File No. 26-01539 (MJD/ECW)

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Counsel for Petitioner.

David W. Fuller, David R. Hackworthy, Assistant United States Attorneys, Counsel for Respondents.

---

## I. INTRODUCTION

Before the Court is Petitioner's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"). For the following reasons, the motion is granted.

## II. BACKGROUND

Petitioner came to the United States in 1987 at the age of 6 as a refugee from Laos. He became a lawful permanent resident, retroactive to the date of his

---

[1] Markwayne Mullin is automatically substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

entry. In 2021, he was ordered removed following a 2016 felony conviction for first-degree sale of methamphetamine. Petitioner then spent 90 days in ICE detention. When ICE was unable to execute the removal order, Petitioner was placed on supervised release with annual check-ins. Petitioner complied with the conditions of supervised release.

On December 15, 2025, ICE agents arrested Petitioner without a warrant and without giving any notice that a change in circumstances justified revocation of his supervision. On December 19, Respondents requested a travel document for Petitioner and on January 30, 2026, Laos issued Petitioner a travel document.

On February 19, 2026, Petitioner filed a petition for writ of habeas corpus. On March 1, 2026, the Court granted the petition and ordered that Petitioner be released from custody because Respondents failed to identify "changed circumstances" that justified re-detention. (Doc. 8 at 9-10.) Petitioner now requests attorney's fees and costs pursuant to the EAJA. (Doc. 14.)

## III. DISCUSSION

The EAJA provides the following:

> Except as otherwise specifically provided by statute, a court shall award to a **prevailing party** other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of

> agency action, brought by or against the United States in any court having jurisdiction of that action, **unless the court finds that the position of the United States was substantially justified** or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

### A. Merits

There is no question that Petitioner was the prevailing party because he was "the party ultimately prevailing when the matter [was] finally set at rest." Lackey v. Stinnie, 604 U.S. 192, 200 (2025) (quoting Black's Law Dictionary). However, Respondents oppose the instant motion because once Petitioner had been ordered removed, his liberty interest in remaining in the country was reduced. (Doc. 21 at 2.) They state that "federal law provides that 'when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days' and 'shall detain the alien' during the removal period. As such, the Agency was justified in arresting Mr. Sayachack to complete his removal." (Id. (citing 8 U.S.C. §§ 1231(a)(1)(A); (a)(2)(A)).)

"Substantially justified" means that Respondents' position had "a reasonable basis in law and fact." United States v. Hurt, 676 F.3d 649, 652 (8th Cir. 2012) (quoting Bah v. Cangemi, 548 F.3d 680, 683-84 (8th Cir. 2008)). Therefore, an incorrect position can be substantially justified as long as "a

reasonable person could think it correct." Bah, 548 F.3d at 683 (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). "The Government may also be justified in litigating a legal question that is unsettled in this circuit." Id. at 684.

In this case, the Court finds that Respondents' position was not substantially justified. While Respondents properly cite the detention and removal statute, 8 U.S.C. § 1231, they do not cite the correct standard for revoking an order of supervision under 8 C.F.R. § 241.13(i)(2), which, in pertinent part, is that "changed circumstances" indicate a "significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." Respondents had the burden to establish changed circumstances that justified re-detention. Dusan C. v. Bondi, No. 26-CV-00620 (JRT/ECW), 2026 WL 458128, at *4 (D. Minn. Feb. 13, 2026), R&R adopted, 2026 WL 465534 (D. Minn. Feb. 18, 2026) (citations omitted).

The Court held that a "travel document received over six weeks after Petitioner was taken into custody [did] nothing to cure Respondents' violations of their own rules that required ICE to notify Petitioner that his release was being revoked and that Petitioner be promptly interviewed so he could respond to the 'changed circumstances' justifying the revocation of his release." (Doc. 8 at 9

(emphasis in original).) The Court joined others in the District to find that a travel document, alone, does not necessarily justify re-detention. (Id. at 9 (citing, inter alia, United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954) (agencies must follow their own regulations)); (see also Doc. 16 at 8 n.2 (Petitioner citing 16 D. Minn. cases wherein the Courts ruled for habeas petitioners on substantially-similar "Accardi/8 C.F.R. § 241.13 grounds" as the Court did in this case).) Therefore, the Court finds that Respondent's position of "detain[ing] the petitioner first, and ask[ing] questions later" was not substantially justified. (Doc. 8 at 10 (quoting Vang v. Bondi, No. 0:26-CV-1381, 2026 WL 458195, at *3 (D. Minn. Feb. 18, 2026)).

**B. Fee Request**

"[F]ees and other expenses . . . shall be based upon prevailing market rates" for attorneys' fees, but the statute caps these fees to $125/hour unless the court determines "that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A). Petitioner requests fees for 4.2 hours of work. He also seeks an upward adjustment to a rate of $500 per hour due to his counsel's willingness to "step[] up to help fill an unprecedented need for habeas litigation, at no cost to Petitioner." (Doc. 16 at 11-12.) Petitioner's counsel states

that an upward adjustment is appropriate in light of "the significance of this matter, Respondents' course of conduct both statewide and specific to Petitioner, and the vital personal liberties at stake in this case." (Doc. 17 (Suitor Decl.) ¶ 23.)

The Court finds the number of hours requested reasonable. The Court further finds an upward adjustment in hourly rate to $350 per hour reasonable. Using an hourly fee of $350 x 4.2, the total fee award is $1,470.00. The Court will also award Petitioner $5.00 in costs to cover the filing fee. (Id. ¶ 19.)

## IV. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act **[Doc. 14]** is **GRANTED in part**; and

2. Petitioner is awarded $1,470.00 in reasonable attorney's fees and $5.00 in costs under the EAJA, 28 U.S.C. § 2412(d).

Dated: October 19, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court